IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CODY SCHNEIDER, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>GLOBUS MEDICAL INC.,<br><br>*Defendant*. | Case No. 2:22-cv-03299-GJP |

### AMENDED COMPLAINT – COLLECTIVE ACTION

Cory Schneider ("Schneider" or "Plaintiff") brings this collective action against Globus Medical Inc. ("Defendant"), seeking all relief available under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").[1] The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others:

### PARTIES

1. Schneider is an individual residing in San Diego, CA.

2. Plaintiff is an employee covered and protected by the FLSA.

3. Defendant is a corporate entity registered to do business in Pennsylvania and headquartered in Audubon, PA.

4. Defendant is an employer covered by and required to comply with the FLSA.

### JURISDICTION AND VENUE

5. This Court has federal question jurisdiction

---

[1] Per a pre-litigation tolling agreement, the statute of limitations applicable all claims asserted herein was tolled for the 91-day period between November 12, 2021 and February 10, 2022.

under 28 U.S.C. § 1331.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391. At all material times, Defendant has been actively conducting business in the State of Pennsylvania and within the geographic area encompassing the Eastern District of Pennsylvania.

7. Defendant is a covered employer within the meaning of the FLSA and has had gross revenues exceeding $500,000.00 for the relevant time period.

### FACTS

8. Defendant is a "medical device company that develops and commercializes healthcare solutions whose mission is to improve the quality of life of patients with musculoskeletal disorders." Sec 10-K Report for FY Ending 12/31/21 at p. 4.

9. "The primary market for [Defendant's] products is the United States," where Defendant sells its products through, *inter alia*, "direct sales representatives employed by [Defendant]." *Id.*

10. Direct sales representatives (also referred to as sales associates, sales specialists, sales representatives, and various other job titles) are paid a salary and/or commission and are assigned to sales territories throughout the Nation.

11. Upon being hired by Defendant, employees seeking to work as direct sales representatives must complete mandatory and rigorous training provided by Defendant. Such individuals a referred to herein as "Trainees."

12. One portion of the training program is conducted at Defendant's Audubon, PA headquarters. Another portion of the training program is conducted within or near the sales territory to which the Trainee will be assigned upon completion of the training program.

13. Trainees are not authorized to sell (and do not sell) Defendant's products during the

training period.

14. During the mandatory training period, Trainees are required to spend over 40 hours per week engaged in work activities directly associated with and required by Defendant's mandatory training program. Such work activities include, but are not limited, coursework, homework, shadowing, and preparing for and taking examinations.

15. If Trainees do not satisfactorily complete their training and pass all required exams, they are subject to adverse employment action up to and including termination

16. Defendant knew, or should have known, that Trainees worked more than 40 hours per week to complete the requirements of Defendants' mandatory training program.

17. Defendant, as a matter of companywide policy, does not pay Trainees any overtime premium pay for hours worked over 40 per week during the mandatory training program, including but not limited to time spent completing coursework and necessary exam preparation completed from home and/or from the hotel when completing training in Pennsylvania.

18. Schneider was employed by Defendant as a Trainee from between approximately September 2019 until approximately February 2020.

19. Schneider, like other Trainees, was required to perform one portion of the training program at Defendant's Audubon, PA headquarters and another portion within his territory in Novi, MI.

20. Schneider, like other Trainees, was not authorized to sell (and did not sell) Defendant's products during the training period.

21. Schneider, like other Trainees, was required to work over 40 hours per week engaged in work activities directly associated with and required by Defendant's mandatory training program. Specifically, Schneider estimates that he worked approximately 60 to 80 hours

per week during his training program.

22. Schneider, like other Trainees, did not receive any overtime premium pay for hours worked over 40 per week during the mandatory training program.

23. Defendant's failure to pay the overtime premium to Schneider and other Trainees was undertaken willfully and/or with reckless disregard of FLSA.

## COLLECTIVE ACTION ALLEGATIONS

24. Schneider brings his FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all other individuals employed by Defendant as Trainees (as defined herein) in the United States during any time since March 16, 2019.

25. Schneider's consent to join this action was filed with the Court on June 16, 2022. *See* Exhibit A to Complaint.

26. Schneider's FLSA claims should proceed as a collective action because he and other putative collective members, having worked pursuant to the common pay policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

27. Consent to join forms of four other Trainees who seek to assert claims as part of this collective action matter pursuant to 29 U.S.C. § 216(b) were filed with the Court on June 16, 2022. *See* Exhibit B to Complaint.

28. Defendants' conduct with respect to Schneider and each respective putative collective members raises questions of law and fact that are common to all such individuals.

29. Plaintiff's claims and Defendants' anticipated defenses are typical of the claims or defenses applicable to the putative collective members.

30. Plaintiff's interests in pursuing this lawsuit are aligned with the interests of the

putative collective members.

31. Plaintiff will fairly and adequately protect putative collective members' interests because they and their experienced and well-financed counsel are free of any conflicts of interest and are prepared to vigorously litigate this action on behalf of the putative collective members.

32. A collective action provides the fairest and most efficient method for adjudicating the putative collective members' legal claims.

## COUNT I
### (Unpaid Overtime Under the FLSA)

33. All previous paragraphs are incorporated as though fully set forth herein.

34. The FLSA requires that employees receive overtime compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

35. Defendant's failure to pay overtime compensation to Schneider and other collective members violated the FLSA, and, furthermore, was undertaken willfully and/or with reckless disregard of clearly applicable FLSA provisions and, as such, has willfully violated the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and each member of the collective, seeks the following relief:

A. Designation of this action as an FLSA collective action, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

B. Unpaid overtime wages under the FLSA;

C.    Liquidated damages under the FLSA;

D.    Pre-judgment and post-judgment interest under the FLSA;

E.    Litigation costs, expenses, expert fees, and attorneys' fees under the FLSA;

F.    Service award payments to Plaintiff; and

G.    Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date:  November 10, 2022                         Respectfully,


*/s/ Paolo C. Meireles*
Paolo Meireles*
Gregg I. Shavitz*
Tamra C. Givens
Shavitz Law Group, P.A.
951 Yamato Road, Suite 285
Boca Raton, FL  33431
(561) 447-8888

Peter Winebrake
Michelle Tolodziecki
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*Admitted *Pro Hac Vice*